09-3762-cv
*Blanc v. Morpho*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of October, two thousand and ten.

PRESENT: JON O. NEWMAN,
         GUIDO CALABRESI,
         RICHARD C. WESLEY,
                  *Circuit Judges.*

---

ELSON BLANC,

                  *Plaintiff-Appellant,*

         -v.-                                    09-3762-cv

SAGEM MORPO, INC., KEITH PARADISE,
KATHLEEN VETTER, ALLYSON THOMAS,

                  *Defendants-Appellees.*

---

FOR APPELLANT:        ELSON BLANC, *pro se*, Valley Stream, NY.

FOR APPELLEE:         ANDREW P. MARKS, GREGORY B. REILLY, III, Littler Mendelson, P.C., New York, NY.

Appeal from the United States District Court for the Eastern District of New York (Garaufis, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Elson Blanc ("Appellant") appeals from a judgment of the United States District Court for the Eastern District of New York (Garaufis, *J.*), granting summary judgment to the Appellees and dismissing his complaint in its entirety. Appellant commenced this action pursuant to Title VII of the Civil Rights Act of 1964, the New York State Human Rights Law, the New York City Human Rights Law, and 42 U.S.C. § 1981.  He also alleged retaliation in violation of those statutes.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

This Court reviews orders granting summary judgment *de novo*, and asks whether the district court properly concluded that there was no genuine issue as to any material fact and the moving party was entitled to judgment as a matter of

law.  *See Cronin v. Aetna Life Ins. Co.*, 46 F.3d 196, 202-03 (2d Cir. 1995).  To that end, our Court is "required to resolve all ambiguities and draw all permissible factual inferences in favor of the party against whom summary judgment is sought."  *Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir. 2003) (internal quotation marks omitted).  Yet "conclusory statements or mere allegations [are] not sufficient to defeat a summary judgment motion."  *Davis v. New York*, 316 F.3d 93, 100 (2d Cir. 2002).

In order to make out a *prima facie* case of discrimination in violation of Title VII, a plaintiff has the burden of establishing that: (1) he is a member of a protected class; (2) he performed the job satisfactorily or was qualified for the position; (3) an adverse employment action took place; and (4) the action occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 63 (2d Cir. 1997).  Once a plaintiff makes out a *prima facie* case of discrimination, the burden of production shifts to the employer to demonstrate a legitimate, non-discriminatory reason for the adverse employment decision.  *See McDonnell*

*Douglas*, 411 U.S. at 802. The burden then shifts back to the plaintiff to present evidence that the employer's proffered reason is a pretext for an impermissible motive. *See id.* at 804-05.

To establish a *prima facie* case of retaliation under Title VII, a plaintiff is required to show by a preponderance of the evidence that: (1) the plaintiff participated in a protected activity; (2) the defendant knew of the protected activity; (3) the plaintiff experienced an adverse employment action, as defined by the Supreme Court in *Burlington Northern & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006); and (4) a causal connection exists between the protected activity and the adverse employment action. *See Terry*, 336 F.3d at 140-41. Once a plaintiff makes out a *prima facie* case of retaliation, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for the alleged retaliatory acts, at which point the burden shifts back to the plaintiff to show circumstances that would be sufficient "to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *See Cifra v. General Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

The same framework applies to discrimination and retaliation claims brought pursuant to the New York State Human Rights Law and the New York City Human Rights Law, *see Cruz v. Coach Stores, Inc.*, 202 F.3d 560, 565 n.1 (2d Cir. 2000), and pursuant to 42 U.S.C. § 1981, *see Fincher v. Depository Trust & Clearing Corp.*, 604 F.3d 712, 720 (2d Cir. 2010). Finally, claims brought pursuant to the New York City Human Rights Law "must be reviewed independently from and more liberally than their federal and state counterparts." *See Loeffler v. Staten Island Univ. Hosp.*, 582 F.3d 268, 278 (2d Cir. 2009) (internal quotation marks omitted).

Having conducted an independent and *de novo* review of the record in light of these principles, we affirm the district court's judgment for substantially the same reasons stated by that court in its thorough and well-reasoned memorandum opinion and order.

For the foregoing reasons, the judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk